Lester Holtzman, J.
Plaintiffs move to vacate the notice of defendant Adorable Pajama Company, Inc., for the discovery and production of a certain laboratory report. Cross motion by defendant M. Lowenstein & Sons, Inc., hereinafter referred to as Lowenstein, for an order directing plaintiffs to execute and return their completed deposition dated September 17, 1962.
Plaintiff Rose Sherman alleges that (1) she purchased a pair of pajamas bearing a certain brand name, hereinafter referred to as brand A, from defendant Adler’s retail store; (2) the pajamas were manufactured by defendant Adorable Pajama Co., Inc., hereinafter referred to as Company, from materials furnished it by defendant Lowenstein; (3) the pajamas were ‘ ‘ composed of highly combusitble inflammable or otherwise explosive material which was liable to ignite in an intense flash of fire when it came into contact with direct heat or flame ” and (4) while she was wearing these pajamas “ in the kitchen of her apartment near the cooking range therein, the said pajamas came into contact with the heat or flame of said cooking range, and as a result thereof said pajamas were consumed in a flash of flame which quickly enveloped the plaintiff, causing her to sustain ” severe and disfiguring injuries.
It appears that the top part of the pajamas was burned to ashes and the remainder thereof, in which plaintiff Rose Sherman was taken to the hospital, cannot be located. No discovery of the original pajamas is therefore possible. (Cf. Malone v. Henry Co., 85 N. Y. S. 2d 393.) Plaintiff Ernest Sherman, *771 however, purchased an alleged “ exact duplicate” pair of pajamas from defendant Adler’s retail store approximately two to three weeks after the accident. The laboratory tests in question were conducted upon a portion of the alleged duplicate pair of pajamas.
Plaintiffs contend that the laboratory report must be regarded as (1) the work product of an attorney (CPLB 3101, subd. [c]), or (2) the opinion of an expert prepared for litigation (CPLB 3101, subd. [d]) and as such is not subject to disclosure.
In the opinion of the court the laboratory report constitutes material prepared for litigation (CPLB 3101, subd [d]) and not the work product of an attorney. As such, however, no disclosure thereof may ordinarily be had unless the information obtained by the laboratory tests cannot be duplicated because of a change in circumstances and withholding it would result in injustice or undue hardship. (CPLB 3101, subd. [d].)
Assuming, without deciding, that the report of the laboratory tests conducted upon a portion of the similar brand A pajamas has some probative value, it appears that defendant Company, which manufactures these brand A pajamas, may conduct an unlimited amount of laboratory tests upon numerous similar pairs of pajamas and is therefore not entitled to the instant relief. (Cf. Savoie v. Schaefer Brewing Co., N. Y. L. J., Feb. 27, 1964, p. 19, col. 4.)
Accordingly, plaintiffs’ motion is granted and defendant Lowenstein’s motion, which is unopposed, is also granted. Settle order.